FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
DEC 0 2 2024
TAMMY H. DOWNS, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

ALLSTATE INSURANCE COMPANY,                                      PLAINTIFF

VS.                          No. 4:24-cv-00257-KGB

JOHN MARK GOINGS                                                 DEFENDANT

### THIRD-PARTY WILLIAMSON INSURANCE AGENCY'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

#### INTRODUCTION

On March 20, 2024, Allstate Insurance Company ("Allstate") filed a complaint against John Mark Goings ("Goings"), a former employee of Allstate and a current employee of Williamson Insurance Agency ("Williamson"), alleging that Goings had violated an Exclusive Agency Agreement entered into between Goings and Allstate by allegedly soliciting customers of Allstate after his employment ended. Williamson is not a party to this lawsuit. Nevertheless, Allstate has served Williamson with a subpoena which requests Williamson's confidential business information, including lists of customers it has had for decades, among other items of information. Allstate's requests are overly broad, largely irrelevant to its lawsuit filed against Goings, and is a classic example of an unlawful fishing expedition. For the reasons discussed below, Williamson respectfully prays that the Court deny Allstate's Motion to Compel Compliance with Subpoena.

#### BACKGROUND

Williamson is an Arkansas based insurance company which has been in business for over 50 years providing various forms of insurance coverage to businesses and individuals. To wit, Allstate is an Illinois based insurance company offering various types of insurances to businesses and individuals. Allstate previously employed Defendant Goings as an Exclusive Agent, but

1

10670.0012\11414364.v2

Allstate and Goings terminated their employment agreement on July 31, 2023. Allstate filed its complaint against Goings on March 20, 2024, alleging that Goings violated the terms of an Exclusive Agency Agreement entered into by Goings and Allstate when Goings allegedly solicited existing Allstate customers.

On March 21, 2014, (the day after it filed its Complaint) Allstate filed a motion with this Court asking to conduct expedited discovery, where it alleged "Goings violated his Agreement through his active and continuous solicitation of Allstate's customers. This active solicitation intentionally interfered with Allstate's contractual relationships with customers. Additionally, Goings has misappropriated, misused, and illegally retained Allstate Confidential Information, which is a trade secret." (Doc. 5, p.1). This Court denied that motion on May 28, 2024, and, so far as Williamson knows, Allstate has not identified a single customer that it claims was unlawfully solicited by Goings.

In the course of discovery of this matter, Allstate served on Williamson a subpoena commanding Williamson to produce:

- Request 1: A list of all customers serviced by You.

- Request 2: Documents that identify all of Your employees/agents/brokers, or anyone who provide services to You, who previously sold Allstate products or services or worked for an Allstate Agency in the last five years.

- Request 4: Documents and communications that identify customers that were solicited or contacted by John Mark Goings or anyone who sold Allstate products or services in the last five years.

- Request 6: Monies paid to Jerry or John (salary, bonus, commissions, etc.) by You.

2

- Request 7: Agreements, contracts, or written understandings between John and You.
- Request 8: Agreements, contracts, or written understandings between Jerry and You.
- Request 9: Agreements, contracts, or written understandings between You and anyone who worked at, with or for an Allstate Agent or Allstate Agency in the last five years.
- Request 10: Documents and communications relating to Your hiring of Jerry.
- Request 11: Documents and communications relating to Your hiring of John.
- Request 12: Documents and communications relating to the hiring any person who worked at, with or for any Allstate Agent or Allstate Agency.
- Request 13: Documents and communications relating to John selling insurance products.
- Request 14: Documents and communications relating to Jerry selling insurance products.
- Request 16: Documents and communications constituting Allstate Confidential Information.
- Request 17: Documents and communications relating to the Litigation.[1]

---

[1] Allstate has previously indicated its intent to withdraw Requests 3 and 5 and does not address these requests in its brief in support, and thus these requests are not addressed in this response.

Williamson has engaged in several good faith discussions with Allstate's counsel in an attempt to provide Allstate with information it seeks while also protecting the confidential business information of Williamson, but Allstate has refused all offers by Williamson in this regard. Though Williamson has asked for a list of customers that Allstate believes were taken by Goings, Allstate has refused to provide any such list. Indeed, per the October 28, 2024, email attached as Exhibit D to Allstate's Brief in Support, Allstate's counsel admits that Allstate has yet to identify a list of clients it believes were unlawfully solicited by Goings. (*See* Doc. 28-4, p.1.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(c)(2)A) allows a party to "command production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." *Id.* (d)(1). A court need not require compliance with a subpoena which subjects a person to undue burden. *See id.* (d)(3)(A). Additionally, "[t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires. . . disclosing a trade secret or other confidential research, development, or commercial information." *Id.* (d)(3)(B).

The party which moves to compel compliance with a subpoena "carries the burden of showing that the requested documents are discoverable within the meaning of Federal Rule of Civil Procedure 26." *Cent. States, Se. & Sw. Areas Pension Fund v. King Dodge, Inc.*, No. 4:11-mc-00233-AGF, 2011 WL 2784118, at *2 (E.D. Mo. July 15, 2011).

10670.0012\11414364.v2

Federal Rule of Civil Procedure 26(b)(1) provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

"Despite Rule 26's liberal scope, it does not extend to irrelevant matters, situations where compliance is unduly burdensome, or 'where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *Null v. Getchell*, No. 3:21-CV-00142-KGB, 2023 WL 139719, at *1 (E.D. Ark. Jan. 9, 2023) (quoting *Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999)). Discovery requests also should not be overly broad. *See, e.g., Matthews v. Pierre*, No. 4:21-cv-00418-BRW-ERE, 2022 WL 1186594, at *1 (E.D. Ark. Apr. 21, 2022).

## ARGUMENT

A.  **Allstate's Subpoena is Unduly Burdensome in That it is Overly Broad, Seeks Irrelevant Information, and Seeks Williamson's Confidential Business Information.**

The requests made in Allstate's subpoena are plainly an attempt to engage in an unlawful fishing expedition, and thus are overly broad and are unduly burdensome on Williamson. Federal Rule of Civil Procedure "45(d)(3)(A)(iv) prohibits the discovery of information 'where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information.'" *In re Mo. Dep't of Corr.*, 839 F.3d 732, 736 (8th Cir. 2016) (quoting *Miscellaneous Docket Matter No. 1*, 197 F.3d at 925). When a party's requests pursuant to a subpoena are overly broad a court may "[d]eny the request rather than allow a 'fishing expedition'" into the subpoenaed party's

5

confidential business information. *Stecklein & Rapp Chartered v. Experian Info. Sols., Inc.*, 113 F.4th 858, 862 (8th Cir. 2024).

Here, to begin, Allstate itself has to date not identified a single customer which it believes was unlawfully solicited by Goings and subsequently entered into an agreement with Williamson. Despite this, Allstate requests that Williamson, which is not a party to this litigation and is a direct competitor to Allstate in the insurance business, produce its highly confidential and valuable client list to Allstate for Allstate to review, among other confidential business documents. Because Allstate has not even identified any customers it believes were wrongly solicited into contracts with Williamson, Allstate clearly has taken no steps to narrowly tailor its subpoena requests and has plainly not taken "reasonable steps to avoid imposing undue burden or expense on" Williamson. Fed. R. Civ. P. 45(d)(1). Allstate's overly broad requests clearly constitute a fishing expedition into Williamson's confidential business information, and thus Williamson should not be compelled to respond.

Regarding the specific requests themselves, Allstate's requests are clearly overbroad, irrelevant, or can be easily obtained from parties to the litigation. Williamson will address each request in turn.

i.  **Request 1: A list of all customers serviced by You.**

Allstate requests in its subpoena a list of all customers serviced by Williamson. Though Allstate has subsequently agreed that this request is overly broad and it now seeks instead Williamson's client list between January 1, 2023 and September 1, 2024, this remains an overly broad and unduly burdensome request. Goings was employed by Allstate until July 31, 2023, and thus any clients who entered into insurance agreements with Williamson while Goings was still employed by Allstate are clearly not relevant to Allstate's lawsuit. Allstate's amended request

10670.0012\11414364.v2

does not specify if it seeks only the new customers who entered into an insurance agreement with Williamson between January 1, 2023, and September 1, 2024, or if it seeks a list of all customers serviced by Williamson between those dates. In fact, in the attached email, counsel for Allstate admits that they are seeking a list of customers Williamson has served for decades. While Williamson maintains that both interpretations are overly broad, the latter plainly overreaches and is unduly burdensome to Williamson.

Allstate's request is also overly broad in that it seeks a client list of *all clients*, not clients who have entered into contracts for the specific types of insurance offered by Allstate. Nor does Allstate's request seek only clients who prior to being insured by Williamson were provided the same type of insurance from Allstate. Additionally, Allstate's request is plainly not proportional the needs of the case. Allstate has not identified a single customer it believes was wrongfully solicited by Goings, and yet it requests a list of *every* customer serviced by Williamson.

It is also critical to note that the entire conceit of Allstate's lawsuit is that an insurance agency's client list is incredibly valuable and consists of highly confidential business information. Despite this, Allstate seeks to compel a non-party insurance agency to disclose its confidential client list to its competitor. Though the Court has issued a Protective Order in this case, no provision of the Protective Order adequately protects Williamson's confidential business information in that no provision allows Williamson to prevent disclosure of its client list to Allstate. In essence, Allstate seeks Williamson's client list while vehemently declaring that *its* client list is so valuable that it is entitled to relief for an alleged breach of confidentiality. As such, Williamson should not be required to disclose its client list to Allstate pursuant to the subpoena.

10670.0012\11414364.v2

  ii.  **Request 2: Documents that identify all of Your employees/agents/brokers, or anyone who provide services to You, who previously sold Allstate products or services or worked for an Allstate Agency in the last five years.**

Allstate's Request 2 is clearly overbroad, irrelevant, and an example of a fishing expedition for information from a non-party. Allstate's claim is against Goings for his alleged violation of an agreement that only Goings and Allstate were parties to. Information about other Williamson employees who have been affiliated with Allstate in the past five years is clearly irrelevant to Allstate's claims because Allstate has not alleged that any other employee of Williamson has violated the terms of any agreement.

  iii.  **Request 4: Documents and communications that identify customers that were solicited or contacted by John Mark Goings or anyone who sold Allstate products or services in the last five years.**

Allstate's Request 3 is also overbroad, seeks irrelevant information, and is an example of a fishing expedition.

To begin, though Allstate's request seeks a list of all customers Goings solicited or contacted in the past five years, Goings has not been employed by Williamson for five years, and thus Williamson is plainly unable to provide any responsive list of customers which predates Going's employment with Williamson. Also, Allstate's request is grossly overbroad in that it seeks not just customers who were customers of Allstate that Goings allegedly solicited or contacted, but instead seeks *all* customers. The subpoena also does not define "customers," and thus Williamson is left to guess what constitutes a customer—if Goings talked to an acquaintance about insurance while at the grocery store, is Williamson left to decide whether this act constitutes contacting a customer for purposes of this subpoena? Allstate's requests in essence seeks information about every person Goings has talked to about insurance since he began his

10670.0012\11414364.v2

employment with Williamson, and thus is grossly overbroad and not tailored to the needs of this case.

Additionally, any documents or communications that identify customers who were solicited or contacted by any employee who is *not* Goings is clearly irrelevant to this lawsuit and is Allstate's attempt to engage in a fishing expedition regarding any potential unrelated claims.

    iv.    **Request 6: Monies paid to Jerry or John (salary, bonus, commissions, etc.) by You.**

Regarding Request 6, Jerry Mark Goings is not a party to Allstate's lawsuit,[2] and thus any information regarding monies paid to Jerry Mark Goings is irrelevant to Allstate's claims against John Mark Goings. Additionally, any information regarding money paid to John Mark Goings is obtainable from John Mark Goings, who is a party to this lawsuit, and thus constitutes an undue burden on Williamson.

    v.    **Request 7: Agreements, contracts, or written understandings between John and You.**

Regarding Request 7, any employment agreements, contracts, or written understandings between Goings and Williamson are plainly unrelated to Allstate's claims that Goings violated an agreement between Allstate and Goings when Goings allegedly solicited customers from Allstate in violation of said agreement. Any such documents also contain confidential business information of Williamson which is unrelated to the pending litigation. Additionally, any such documents are easily obtainable from Goings, who is a party to this lawsuit, and thus this request constitutes an undue burden on Williamson.

---

[2] Allstate is obviously engaging in this fishing expedition with the desire and intent to sue Jerry Mark Goings. This is apparent from its three Motions for extension of time to add parties.

10670.0012\11414364.v2

    **vi.**    **Request 8: Agreements, contracts, or written understandings between Jerry and You.**

Regarding Request 8, Jerry Mark Goings is not a party to Allstate's lawsuit, and thus any information regarding agreements, contracts, or written understandings between Williamson and Jerry Mark Goings are irrelevant to Allstate's claims against John Mark Goings.

    **vii.**    **Request 9: Agreements, contracts, or written understandings between You and anyone who worked at, with or for an Allstate Agent or Allstate Agency in the last five years.**

Regarding Request 9, only John Mark Goings is a party to Allstate's lawsuit, and thus any information regarding agreements, contracts, or written understandings between any other Williamson employee are irrelevant to Allstate's claims against John Mark Goings and are a clear example of a fishing expedition by Allstate. Additionally, any such documents plainly contain confidential business information of Williamson which is unrelated to Allstate's pending litigation.

    **viii.**    **Request 10: Documents and communications relating to Your hiring of Jerry.**

Regarding Request 10, Jerry Mark Goings is not a party to Allstate's lawsuit, and thus any documents related to any alleged hiring of Jerry Mark Goings are irrelevant to Allstate's claims against John Mark Goings. Request 10 also does not include a time limitation, and thus is plainly overbroad.

    **ix.**    **Request 11: Documents and communications relating to Your hiring of John.**

Regarding Request 11, any documents related to Going's hiring (assumably to include internal discussions regarding Going's hiring) made at any time are plainly irrelevant to Allstate's claims that Goings violated an agreement between Allstate and Goings when Goings allegedly solicited customers from Allstate in violation of said agreement. Additionally, because no time limitation is included in Request 11, this request is clearly overbroad.

10670.0012\11414364.v2

      x.    **Request 12: Documents and communications relating to the hiring any person who worked at, with or for any Allstate Agent or Allstate Agency.**

Regarding Request 12, only John Mark Goings is a party to Allstate's lawsuit, and thus any documents or communications regarding the hiring of Williamson employee who has at any time in their career worked at, with, or for Allstate are irrelevant to Allstate's claims against John Mark Goings and are a clear example of a fishing expedition by Allstate. For example, this request would require Williamson to provide documents related to the hiring of someone in 1995 who had worked at an Allstate agency in Idaho. Request 12 also contains no time limitation, and thus is grossly overbroad and seeks plainly irrelevant information.

      xi.    **Request 13: Documents and communications relating to John selling insurance products.**

Request 13 is also plainly overbroad. Request 13 contains no time limitation and purportedly seeks any and all documents or communication relating to Goings selling any type of insurance product to any person. Because Goings is an Account Executive at an insurance agency, any and all documents which are in any way related to Goings' work are related to Goings selling insurance products. Request 13 seeks not just information which is narrowly tailored to obtain information related to Allstate customers allegedly solicited by Goings, but instead broadly seeks any information regarding any customer Goings communicates with, any products Goings sells, internal conversations between Goings and Williamson employees regarding the policies, practices, and trade secrets of Williamson, and a host of other irrelevant and otherwise confidential business information. As such, Williamson should not be compelled to respond to Request 13.

      xii.    **Request 14: Documents and communications relating to Jerry selling insurance products.**

Regarding Request 14, as discussed above, Jerry Mark Goings is not a party to the litigation between Allstate and John Mark Goings, and thus any documents and communications relating to

Jerry Mark Goings selling insurance products is unrelated and irrelevant to Allstate's claims. Additionally, like Request 13, Request 14 contains no time limitation but instead seeks all information from any time period which is in any way related to Jerry Mark Goings selling insurance products. As an insurance agent, any business conversations Jerry Mark Goings has ever entered into would be responsive to Request 14. Thus, Request 14 is plainly overbroad and irrelevant to Allstate's claims.

### xiii. Request 16: Documents and communications constituting Allstate Confidential Information.

Request 16 is also overbroad in that it does not specify a time period or specify that any such Confidential Information be obtained from Goings. As written, Request 16 seeks information which Williamson obtained from any source over the course of its over 50 years of business. Thus, Request 16 is plainly overbroad.

### xiv. Request 17: Documents and communications relating to the Litigation.

Request 17 not only seeks privileged information, such as Williamson's communications regarding this litigation with its attorneys, but is also largely irrelevant to its claims against Goings. Allstate seeks any document or communication from any Williamson employee at any time which is in any way related to the lawsuit it filed against Goings and makes no attempt to establish that internal conversations Williamson's employees have had regarding this litigation are in any way relevant to its claims against Goings. Thus, Williamson should not be compelled to respond to Request 17.

### B. Because Allstate Did Not Take Reasonable Steps to Avoid Imposing an Undue Burden on Williamson, Williamson Requests Imposition of an Appropriate Sanction.

Federal Rule of Civil Procedure 45(d)(1) provides that when a party or attorney responsible for issuing a subpoena does not "take reasonable steps to avoid imposing undue burden or expense

12

10670.0012\11414364.v2

on a person subject to the subpoena[,] [t]he court . . . must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."

As discussed above, Allstate's requests included in its subpoena are plainly overbroad and largely irrelevant, and clearly constitute a fishing expedition by which Allstate is attempting to force Williamson to provide Allstate with the information it needs for this lawsuit and any potential, currently non-existent claims at Williamson's expense. Indeed, Allstate is attempting to force Williamson to compile a list of *all* of its clients, whether related to this litigation or not, when Allstate has not even taken the time to identify a single customer it believes was wrongfully solicited by Goings. (*See* Doc. 28-4, p.1). Allstate is improperly using its litigation against Goings as a vehicle to obtain the confidential and highly valuable business information of its competitor, and therefore Williamson requests an appropriate sanction, including reasonable attorney's fees, be issued due to Allstate's failure to comply with Rule 45(d)(1).

C. **Alternatively, Should Williamson Be Compelled to Respond to Allstate's Overly Broad Subpoena Requests, Williamson Requests Issuance of a Protective Order to Protect Its Confidential Business Information.**

Federal Rule of Civil Procedure 26(c) provides:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery [or] requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way . . . .

Allstate's subpoena requests clearly seek confidential business information/trade secrets in that, among other material, Allstate requests that Williamson provide its highly confidential client list to Allstate, its direct competitor. Though the Court has issued a Protective Order in this case, this order is insufficient to protect Williamson's interests because no provision in the Protective

Order allows for disclosures to be made available only to attorneys and to be kept confidential from Allstate. Thus, should Williamson be compelled to respond to any of Allstate's subpoena requests, Williamson respectfully requests that a modified protective order be entered whereby Williamson could designate its confidential business information as attorney's eyes only and prevent the disclosure of its confidential business information to any other entity.

## CONCLUSION

As discussed in detail above, Allstate's overbroad and largely irrelevant subpoena requests are a classic example of an unlawful fishing expedition into the confidential business information of Allstate's direct competitor in the insurance business, and thus Allstate's Motion to Compel Compliance with Subpoena should be denied, and Williamson should be awarded sanctions, including a reasonable attorney's fee, for Allstate's violation of Federal Rule of Civil Procedure 41(d)(1). Alternatively, should Williamson be compelled to respond to Allstate's requests in any way, Williamson prays for entry of a modified protective order which is tailored to adequately protect its interests in this litigation.

Respectfully submitted,

Michael S. Moore (ABA# 82112)
FRIDAY, ELDREDGE & CLARK, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, Arkansas 72201
Phone: 501-370-1526
mmoore@fridayfirm.com

10670.0012\11414364.v2