IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLSTATE INSURANCE COMPANY**                                        **PLAINTIFF**

**v.**                                **Case No. 4:24-cv-00257-KGB**

**JOHN MARK GOINGS**                                              **DEFENDANT**

**ORDER**

Before the Court is proposed intervenor J. Mark Goings Insurance Agency, Inc.'s ("Goings Insurance") motion to intervene (Dkt. No. 43).  Neither plaintiff Allstate Insurance Company ("Allstate") nor defendant John Mark Goings have responded to the motion, and the time for doing so has passed.  For the following reasons, the Court grants the motion (*Id.*).

    **I.**     **Background**

On March 20, 2024, Allstate filed its complaint alleging claims against Mr. Goings for:  (1) breach of contract; (2) violation of the Arkansas Trade Secrets Act, Arkansas Code Annotated § 4-75-601 *et seq.*; (3) violation of the Defend Trade Secrets Act, 18 U.S.C. § 1833 *et seq.*; and (4) tortious interference (Dkt. No. 1, ¶¶ 62–118).  Allstate's claims stem from Mr. Goings's alleged violation of the terms of two Exclusive Agency Agreements ("EAAs") between Mr. Goings and Allstate (*Id.*, ¶¶ 1, 15–61).

On May 1, 2024, Mr. Goings filed an answer to Allstate's complaint (Dkt. No. 13).  On February 24, 2025, Mr. Goings filed a motion for leave to file amended answer (Dkt. No. 40).  On April 16, 2025, the Court entered an Order granting Mr. Goings's motion for leave to file amended answer (Dkt. No. 49).  On April 16, 2025, Mr. Goings filed his amended answer to Allstate's complaint (Dkt. No. 50).  Mr. Goings's amended answer denies any breach of the EAAs and, among other defenses, affirmatively pleads that Mr. Goings is not a party to the EAAs, and that

the only parties to the EAAs are Allstate and Goings Insurance (*Id.*, at 1–11, ¶¶ 1–121; 11–12, ¶ 5).  Mr. Goings affirmatively alleges that Allstate is wrongfully withholding Termination Payment Provisions ("TPP") payments pursuant to the terms of the EAAs (*Id.*, at 11, ¶ 4; 12, ¶ 8).

On March 3, 2025, Goings Insurance filed the instant motion (Dkt. No. 43).  Goings Insurance proposes to file a complaint in intervention alleging that Goings Insurance—and not Mr. Goings—is a party to the EAAs with Allstate and asserting claims against Allstate for Allstate's alleged breach of Goings Insurance's right to receive TPP payments pursuant to the EAAs (*Id.*, ¶¶ 2, 4).  Specifically, Goings Insurance's proposed complaint in intervention, attached as an exhibit to Goings Insurance's motion to intervene, alleges three counts against Allstate:  (1) breach of contract; (2) unjust enrichment; and (3) conversion (Dkt. No. 43-1, ¶¶ 24–45).  The proposed complaint in intervention avers that this Court has jurisdiction over Goings Insurance's claims pursuant to 28 U.S.C. §§ 1332 and 1367 (*Id.*, ¶¶ 3–4).

## II. Discussion

### A. Timeliness

"In determining whether intervention should be allowed, either as a matter of right or permission, the threshold question is whether a timely application has been filed."  *Ark. Elec. Energy Consumers v. Middle S. Energy, Inc.*, 772 F.2d 401, 403 (8th Cir. 1985).  To determine if a motion to intervene is timely, the Eighth Circuit Court of Appeals has held that a district court must consider:  "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *United Food & Com. Workers Union, Loc. No. 663 v. U.S. Dep't of Agric.*, 36 F.4th 777, 780 (8th Cir. 2022) (quoting *Smith v. SEECO, Inc.*, 922 F.3d 398, 405 (8th Cir. 2019)); *ACLU of Minn. v.*

*Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011).  No one factor is dispositive.  *See United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). Rather, "[t]imeliness is to be determined from all the circumstances." *Id.* (quoting *NAACP v. New York*, 413 U.S. 345, 365–66 (1973)).

In this case, Goings Insurance argues that it did not delay in bringing its motion because Mr. Goings—who is the principal and sole owner of Goings Insurance—did not receive the Supplement to the EAAs and the Exclusive Agency Independent Contract Manual ("EA Manual"), which are incorporated into the EAAs by reference, until one month prior to the filing of the instant motion (Dkt. No. 44, at 2, ¶¶ 2–3, 4).  Goings Insurance represents that it filed its motion as soon as practicable after receiving those documents (*Id.*, at 5).  Moreover, Goings Insurance argues that Allstate will suffer no prejudice as a result of Goings Insurance's intervention (*Id.*).

Considering that Mr. Goings, as principal and sole owner of Goings Insurance, was on notice that Goings Insurance appears as a party to the EAAs since the filing of Allstate's complaint on March 20, 2024 (*see* Dkt. No. 1, at 24, 40), the Court questions Goings Insurance's argument that its motion to intervene could not have been practically filed earlier and, therefore, questions application of the second and third factors.  However, Allstate has not responded to the motion or otherwise indicated that it would suffer prejudice from Goings Insurance's proposed intervention.  The fourth factor therefore weighs heavily in favor of Goings Insurance.  Finally, the parties are still in the midst of discovery in this case (*see* Dkt. Nos. 55; 57).  The first factor thus also weighs in favor of Goings Insurance.  Weighing all the factors together, the Court finds that they weigh in favor of finding that Goings Insurance's motion was timely.

For these reasons, the Court finds that Goings Insurance's motion is timely filed.

### B.  Federal Rule Of Civil Procedure 24

Goings Insurance requests that the Court grant its proposed intervention as of right as a party pursuant to Federal Rule of Civil Procedure 24(a).  Alternatively, Goings Insurance asks that it be granted permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).  Rule 24(a) provides in pertinent part:

> On timely motion, the court must permit anyone to intervene who:
>
> (1) is given an unconditional right to intervene by a federal statute; or
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a).

By contrast, a district court's decision whether to grant permissive intervention pursuant to Rule 24(b) is "wholly discretionary, and the principal consideration is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *N.D. ex rel. Stenehjem v. U.S.*, 787 F.3d 918, 923 (8th Cir. 2015) (quoting *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003)) (internal quotation marks omitted).

Goings Insurance argues that it meets the requirements of Rule 24(a)(2) because it is a contractual party to the EEAs at issue in this action (*Id.*, at 5–6).  As such, Goings Insurance's rights to TPP payments under the EEAs will be directly impacted by the Court's determination as to whether Goings Insurance is in material breach of the EEAs.  Moreover, as Goings Insurance points out, Mr. Goings conceivably may not, at least as a legal matter, adequately represent Goings Insurance's interests in this matter because only Goings Insurance can fully assert its right to TPP payments from Allstate as a party to the EEAs (*Id.*, at 6–7).  Considering that neither Allstate nor Mr. Goings—who is represented by the same counsel as Goings Insurance—have responded in

opposition to Goings Insurance's representations in this regard, the Court accepts them as true for purposes of the motion.

For these reasons, the Court determines that Goings Insurance may intervene as of right pursuant to Rule 24(a)(2). In the alternative, the Court would exercise its discretion and grant Goings Insurance the ability to intervene pursuant to Rule 24(b).

### III.    Conclusion

For the foregoing reasons, the Court grants Goings Insurance's motion to intervene (Dkt. No. 43). Goings Insurance may file its proposed complaint in intervention within 10 days of the date of this Order.

It is so ordered this 24th day of September, 2025.

_____
Kristine G. Baker
Chief United States District Judge