IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| Allstate Insurance Company,<br><br>    Plaintiff,<br><br>v.<br><br>John Mark Goings,<br><br>    Defendant. | Case No. 4:24-CV-00257-KGB |

**PLAINTIFF ALLSTATE INSURANCE COMPANY'S MOTION TO MODIFY SCHEDULING ORDER AND REQUEST FOR A SETTLEMENT CONFERENCE**

Allstate Insurance Company ("Allstate" or "Plaintiff"), by and through its undersigned counsel, submits its Motion to Modify the Scheduling Order and Request for a Settlement Conference. In support hereof, Allstate states as follows:

1. Defendant John Mark Goings ("Goings") is a former Allstate agent who breached his Allstate Exclusive Agency Agreement. On March 20, 2024, Allstate filed its Complaint and brought four claims: (1) breach of contract, (2) violation of the Arkansas Trade Secrets Act, Ar. St. § 4-75-601 *et seq.*, (3) violation of the Federal Defend Trade Secrets Act, 18 U.SC. § 1833 *et seq.*, and (4) tortious interference. (Dkt. 1).

2. On June 14, 2024, this Court entered the Scheduling Order for this case. (Dkt. 17). Since the entry of this Order, Goings filed three unopposed Motion to Extend Time to Request Leave to Amend Pleadings and Add Parties. (Dkts. 19, 22, 24). Allstate filed six unopposed Motions to Modify the Scheduling Order. (Dkts. 29, 46, 53, 57, 70, 72). On December 30, 2025, this Court reset the relevant deadlines. (Dkt. 73).

3. Discovery closed on October 31, 2025 but, by agreement, the parties completed certain discovery after the deadline. (*see* Dkt. 55.) Since the close of discovery, the Parties have

been in settlement discussions with an eye toward resolving this case prior to trial. Settlement discussions have been positive and the Parties have moved closer to settlement as a result of their discussions.

4. The Parties are reasonably close in their settlement positions and believe that a settlement conference with the Court will close the gap between the Parties and resolve this matter prior to trial and without the Parties (and the court) incurring significant costs preparing for trial.

5. Thus, the Parties request that this Court schedule a status call with the Parties to discuss potential dates for a settlement conference and set this matter for a settlement conference on a date that is convenient for the court and the Parties.

6. Allstate also requests that the Court continue the trial of this matter to a date after the settlement conference, and enter and continue the current pretrial deadlines to a date after the settlement conference, so that the Parties and the Court can invest their resources in attempting to settle this matter and not preparing for trial. Goings does not agree to this request.

7. There is good cause for Allstate's request. As mentioned above, the Parties are discussing settlement and require more time to reach an agreement prior to trial. All Parties and the Court will benefit from the extension since the extension will allow the Parties and the Court to focus their resources on resolving this matter instead of preparing for trial. Moreover, if the case does not settle, the case will likely proceed to trial within 30 to 45 days of the current trial date and no Party will be (or is) prejudiced by a short extension of the trial date.

WHEREFORE, Allstate respectfully requests that the Court a) schedule a status call with the parties to discuss potential dates for a settlement conference, b) set this matter for a settlement conference on a date that is convenient for the court and the parties, c) enter and continue the current pretrial deadlines to a date after the settlement conference, and d) continue the trial of this

matter to a date after the settlement conference so that the Parties can invest their resources in attempting to settle this matter and not preparing for trial modify.

Dated: January 5, 2026

Respectfully submitted,

*/s/ J. Scott Humphrey*
MICHAEL MONTGOMERY
OH Bar 70922
Attorney for Plaintiff
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, OH 44114
Telephone: 216.363.6235
Email: mmontgomery@beneschlaw.com

J. SCOTT HUMPHREY (IL Bar 6239169)
MAURA LEVINE-PATTON (admitted *pro hac vice*)
MEGHAN GOLDEN (admitted *pro hac vice*)
Attorneys for Plaintiff
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone: 312.212.4949
Email: shumphrey@beneschlaw.com
       mlevinepatton@beneschlaw.com
       mgolden@beneschlaw.com

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of January, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing, and attach same for service on all counsel of record in this case.

*/s/ J. Scott Humphrey*

J. Scott Humphrey